IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HOWARD BROOKS and RONANTOINE WILSON, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 05 C 4982 ) |
| UNION PACIFIC RAILROAD, a corporation doing business in Illinois, and DAN MILOVANOVIC, personally, | ) ) ) ) ) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

Before the court is defendant Dan Milovanovic's ("Milovanovic") Motion to Dismiss Counts II, IV, VI, VIII, X and XII of Plaintiffs' Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(5). (Dkt. No. 34). For the reasons discussed below, Milovanovic's motion is granted and Counts II, IV, VI, VIII, X and XII are dismissed without prejudice.

BACKGROUND

On July 5, 2005, plaintiffs Howard Brooks and Ronantoine Wilson ("Plaintiffs") filed a thirteen-count Complaint in the Circuit Court of Cook County against defendants Union Pacific Railroad ("Union Pacific") and Milovanovic (a Union Pacific police officer named in his individual capacity) alleging false imprisonment, assault, battery, defamation, intentional infliction of emotional distress, negligence, and malicious prosecution in connection with Plaintiffs' arrests on July 6, 2004 for alleged burglary of Union Pacific property. (Compl. ¶¶ 1, 10). The case was removed to federal court on August 29, 2005 on the basis of diversity of

1

citizenship jurisdiction under 28 U.S.C. § 1332(a).[1]  (Notice of Removal at 1 (Dkt. No. 1)).

Despite numerous filings by attorneys representing Plaintiffs and Union Pacific over several months, Milovanovic was not served with process in this case until July 6, 2006.  Approximately three weeks later, on July 26, 2006, attorney Thomas Cushing ("Cushing") entered an appearance as counsel for Milovanovic and filed Defendant Dan Milovanovic's Motion to Dismiss Counts II, IV, VI, VIII, X and XII of Plaintiffs' Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(5).  ("Motion to Dismiss" (Dkt. No. 34)).  In his Motion to Dismiss, Milovanovic argues that he was not served with process within 120 days of the filing of the Complaint, as required by Federal Rule of Civil Procedure 4(m), and Plaintiffs' claims against him should therefore be dismissed.  (Dkt. No. 34 ¶¶ 4, 7).

## LEGAL STANDARD

Federal Rule of Civil Procedure 4(m)[2] sets forth the time limit for service of process in

---

[1] In Plaintiffs Howard Brooks and Ronantoine Wilson's Response to Defendant Dan Milovanovic's Motion to Dismiss Counts II, IV, VI, VIII, X and XII of Plaintiffs' Complaint ("Response" (Dkt. No. 37)), Plaintiffs assert that "the federal court had concurrent jurisdiction over the matter based upon 28 U.S.C. §§ 1331 and 1343 as well as 28 U.S.C. § 1367."  (Dkt. No. 37 at 3).  Plaintiffs have not pleaded any federal causes of action or made any other references to federal law until this point in the litigation.  In their Response, Plaintiffs do not specify any federal law which would support their jurisdictional claim.  The court finds that its subject matter jurisdiction in this case is therefore based solely upon the provisions of 28 U.S.C. § 1332.

[2] Rule 4(m) reads, in relevant part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

the federal courts. Under this rule, it is the plaintiff's burden to demonstrate good cause for failing to execute service within the statutory time period. Fed. R. Civ. P. 4(m); *Panaras v. Liquid Carbonic Indus.* Corp., 94 F.3d 338, 341 (7th Cir. 1996) (citing *Geiger v. Allen*, 850 F.2d 330, 333 (7th Cir. 1988)). If the plaintiff meets this burden, the court must extend time for service of process. *Panaras*, 94 F.3d at 340. Good cause exists where there is "a valid reason for delay, such as the defendant's evading service." *Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002).

Even when the plaintiff has not demonstrated good cause, the court may, in its discretion, either extend time for service of process or dismiss the action without prejudice. *Panaras*, 94 F.3d at 340. As the Seventh Circuit clarified in *Panaras*, it is the district court's duty to clearly consider the consequences to both parties in making this decision. *Panaras*, 94 F.3d at 341. Factors to consider include: whether the applicable statute of limitations would bar the refiled action, whether the defendant evaded service or concealed a defect in attempted service, whether granting an extension of time in which to serve the defendant would prejudice the defendant's ability to defend the lawsuit, whether the defendant had actual notice of the lawsuit, and whether the defendant was eventually served. Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments; *Coleman*, 290 F.3d at 934; *Troxell v. Fedders of North America, Inc.*, 160 F.3d 381, 383 (7th Cir. 1998); *Panaras, 94 F.3d at* 341. Although the district court must inquire into these considerations, "the fact that the balance of hardships favors the plaintiff does not *require* the district judge to excuse the plaintiff's failure to serve the complaint and summons within the 120 days provided by the rule." *Coleman*, 290 F.3d at 934 (emphasis in original). The court retains discretion to determine the appropriate outcome after consideration of these factors.

3

*Troxell*, 160 F.3d at 383.

## ANALYSIS

As a preliminary matter, the court finds that Plaintiffs failed to serve Milovanovic in a timely manner. The Complaint in this case was filed on July 5, 2005. Service was not effected upon Milovanovic until a year and a day later, on July 6, 2006. Because Milovanovic was not served with process until over one year after the filing of the Complaint, Plaintiffs failed to serve Milovanovic in accordance with the timeline of 120 days set forth in Rule 4(m). Plaintiffs appear to read *Tuke v. United States*, 76 F.3d 155, 157 (7th Cir. 1996), as granting them the entire statute of limitations period, plus 120 days, to serve Milovanovic, regardless of when the Complaint was actually filed. (Dkt. No. 37 at 3-4). This interpretation is erroneous and contrary to the plain language of Rule 4(m). In *Tuke*, the Seventh Circuit noted, "[a]lthough many states require service to be accomplished by the end of the statute of limitations, Rules 3 and 4(m) in combination give plaintiffs who sue under federal law the full period of limitations, plus 120 days, in which to achieve service." *Tuke*, 76 F.3d at 157. However, this generous time frame for service of process applies if, and only if, the plaintiff files his or her complaint on the last day of the statute of limitations and serves the defendant within 120 days, in accordance with Rule 4(m). *Tuke* in no way indicates that service of process is ever proper outside the parameters articulated in Rule 4(m), and Plaintiffs' assertion that they served Milovanovic in a timely manner is incorrect.

Having found that service of process on Milovanovic was untimely, the court must now address whether Plaintiffs have met their burden of demonstrating good cause for their failure to serve Milovanovic in accordance with the timeline set forth in Rule 4(m). Plaintiffs' first and

4

only attempt to serve Milovanovic occurred in July of 2005.³ Because Milovanovic worked as a police officer for Union Pacific, and Plaintiffs did not have his home address, they attempted to effect service upon him at Union Pacific's address. (Dkt. No. 37 at 1-2). Plaintiffs admit that Union Pacific accepted service on its own behalf, but rejected the attempt to serve Milovanovic. (Dkt. No. 37 at 2). Plaintiffs do not assert that they made any other attempt to serve Milovanovic, although they appear to have been on notice that their attempt at serving Milovanovic was unsuccessful. At the very least, Union Pacific's Answer of September 29, 2005 clearly stated that Milovanovic had not yet been served as of that time. (Dkt. No. 8 at 7-9, 12, 14, 16, 20). Plaintiffs still had ample time to serve Milovanovic with proper process, but failed to make any attempt to do so.

Plaintiffs' explanation for their failure to make further attempts to serve Milovanovic is that Union Pacific "failed to reveal" Milovanovic's address to them. (Dkt. No. 37 at 2). Federal courts require more than this type of half-hearted effort to serve defendants who are named in federal cases. In *Geiger v. Allen*, the plaintiff asked the defendant's former employer (and co-defendant) for the defendant's address, in addition to making "one fruitless inquiry to the Secretary of State." *Geiger*, 850 F.3d at 331, 333. The Seventh Circuit considered these efforts "less than diligent" and affirmed the district court's determination that the plaintiff had failed to show good cause, noting the plaintiff "was obligated to pursue alternative methods of finding and serving [the defendant]." *Id.* at 333-34. In this case, there is no indication that Plaintiffs ever even asked Union Pacific for Milovanovic's address. Additionally, it does not appear that

---

³ Plaintiffs' Response contains a typo on the first page, indicating the Complaint was filed on July 5, 2006. (Dkt. No. 37 at 1). The Complaint was actually filed on July 5, 2005.

5

Milovanovic was in any way difficult to find or serve. *Cf. Coleman*, 290 F.3d at 935 ("If a defendant is a natural person, the service of process is easy. It gets a bit more complicated when the defendant is a corporation. When the defendant is a governmental entity, the service of process can get very tricky.") (Evans, J., dissenting). Plaintiffs' statements in their Response reveal that, once they began the search for Milovanovic in earnest, it took at most seventeen days to effect service of process. (Dkt. No. 37 at 2 (alleged notice of need to serve Milovanovic occurred on June 20, 2006; service was successfully effected on July 6, 2006)). Plaintiffs' approach of waiting for Union Pacific to supply them with Milovanovic's information, while doing nothing to follow-up on their defective service of process, does not represent the kind of diligence required by Rule 4(m), and Plaintiffs have not demonstrated good cause for their lack of initiative.

Plaintiffs argue that their negligence in delaying service on Milovanovic should be excused because Union Pacific's counsel failed to state that he was not also representing Milovanovic. (Dkt. No. 37 at 2). Plaintiffs do not point to any specific instances wherein Union Pacific's counsel claimed to represent Milovanovic, and the court can find no such indication in the federal record.[4] While counsel is required by Local Rule 83.16 to file an appearance before this court, counsel's duty is fulfilled upon indicating the name of the defendant he is

---

[4] Although the docket entry for Union Pacific's Attorney Appearance, (Dkt. No. 3), erroneously states Cushing's appearance "for defendants Union Pacific Railroad, Dan Milovanovic," this entry was made by a clerk of the court, as was the case caption listing Cushing as Milovanovic's attorney. The Attorney Appearance itself, however, along with every other document filed by Cushing, clearly indicates his intent to represent only Union Pacific. (*See* Dkt. Nos. 3, 5, 8, 9, 24; *see also* Ex. A, Dkt. No. 34). Plaintiffs have not asserted that they suffered any confusion based on the language of the docket entry, which linked to the correct Attorney Appearance form.

representing; he has no affirmative duty to note defendants whom he does not represent. Plaintiffs do not allege, and the court can find no indication that Milovanovic was evasive or concealed a defect in attempted service. Therefore, Plaintiffs have not shown good cause for their failure to properly serve him.[5]

The court's inquiry does not end here. Where a plaintiff has not established good cause for failure to serve a defendant, the court must next inquire into the factors indicating whether a permissive extension of time for service may be warranted. *Panaras*, 94 F.3d at 341. The first factor to consider in this case is whether the applicable statutes of limitations will bar Plaintiffs from relitigating their claims against Milovanovic, thus causing the dismissal to function as though made with prejudice. *See, e.g., Coleman*, 290 F.3d at 934. The applicable statute of limitations for Plaintiffs' defamation claim is one year. 735 Ill. Comp. Stat. 5/13-201. The statute of limitations for Plaintiffs' remaining personal injury claims is two years. 735 Ill. Comp. Stat. 5/13-202;[6] *see also Feltmeier v. Feltmeier*, 798 N.E.2d 75, 85 (Ill. 2003) (personal injury two-year statute of limitations applies to intentional infliction of emotional distress claim).

Plaintiffs generally contend that their causes of action against Milovanovic did not accrue on the date of their arrests, July 6, 2004, but Plaintiffs fail to name specific dates on which they believe their claims did accrue. (Dkt. No. 37 at 4-5). The court need not determine whether the

---

[5] Once Milovanovic was eventually served with process, he retained Cushing to represent him in this case. Cushing's current representation of both Union Pacific and Milovanovic does not impact the court's determination of whether Plaintiffs effectively served Milovanovic with process.

[6] Section 13-202 states, in relevant part, "Actions for damages for an injury to the person, or for false imprisonment . . . shall be commenced within 2 years after the establishment of such account." 735 Ill. Comp. Stat. 5/13-202.

statutes of limitations have actually expired on any of Plaintiffs' claims, as it gives the Plaintiffs the benefit of the doubt in conceding that most, if not all, of Plaintiffs' claims against Milovanovic will likely be barred from future litigation if the court dismisses the claims against Milovanovic for insufficiency of service of process under Rule 12(b)(5). The court also notes that it is likely that Milovanovic had actual notice of the case against him, as the charges against Union Pacific were based on Milovanovic's participation in the events of July 6, 2004, and discovery in the case against Union Pacific would have necessitated Milovanovic's involvement.

These considerations do not persuade the court that Plaintiffs should be allowed the extended period of time they took without court permission to serve Milovanovic. Plaintiffs have been represented by counsel throughout this litigation, and the Seventh Circuit has warned "[a]n attorney who files suit when the statute of limitations is about to expire must take special care to achieve timely service of process, because a slip-up is fatal." *Tuke*, 76 F.3d at 156. This case was set for trial on October 30, 2006, a date that was vacated upon the filing of Milovanovic's Motion to Dismiss. (Order of July 31, 2006 (Dkt. No. 36)). Bringing Milovanovic into the case at this late time, after discovery between Plaintiffs and Union Pacific has been completed, could very well prejudice Milovanovic's ability to defend himself in this lawsuit.

Considering the impact on all parties, the court finds no basis for excusing Plaintiffs from their duty to comply with the time frame set forth in Rule 4(m) and their duty to remain diligent in their efforts to serve all defendants in this case. Plaintiffs made virtually no attempt to serve Milovanovic, a defendant showing no signs of being either evasive or hard to discover, nor do

Plaintiffs adequately explain this failure. Rule 4(c) clearly states "The plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m)." Fed. R. Civ. P. 4(c). Plaintiffs have shirked their responsibility. "[T]he core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." *Henderson v. United States*, 517 U.S. 654, 672 (1996). Allowing Plaintiffs to wait over a year after filing their Complaint before they serve one of the named defendants simply does not afford Milovanovic with the type of procedural safeguard the Federal Rules of Civil Procedure were designed to protect.

## CONCLUSION

Because Plaintiffs failed to effect service of process on Milovanovic within 120 days of the filing of their Complaint, as required under Rule 4(m), Plaintiffs did not demonstrate good cause for this failure, and because the court, in its discretion, finds no reason to extend the time for service of process on Milovanovic, Milovanovic's Motion to Dismiss is granted, and Counts II, IV, VI, VIII, X, and XII are dismissed without prejudice. The court makes no comment on the application of the statute of limitations. The remaining parties are encouraged to discuss settlement. The case is set for a report on status at 9:00 a.m. on October 17, 2006.

ENTER:

*James F. Holderman*
JAMES F. HOLDERMAN
Chief Judge, United States District Court

Date:   October 2, 2006